IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AMERISAFE RISK SERVICES, INC., a foreign corporation,

    Plaintiff,

v.        Case No:

SAUL ROMERO, d/b/a SP COATING,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Amerisafe Risk Services, Inc. ("Plaintiff"), a Louisiana corporation, sues Saul Romero, d/b/a SP Coating ("Defendant"), and alleges the following:

## GENERAL ALLEGATIONS

1.    This is an action for damages and/or equitable relief. Jurisdiction is proper in this Court under 28 U.S.C. § 1332, in that the amount in controversy exceeds $75,000.00 and the Plaintiff and Defendant are citizens of different states.

2.    Plaintiff Amerisafe Risk Services, Inc., is a Louisiana for-profit corporation authorized to do business, and doing business, in Florida.

3.    Defendant Saul Romero is a resident of Texas and is believed to operate as an unincorporated entity, SP Coating, headquartered in Houston, Texas. At times material to this action, Defendant was doing business in Pensacola, Florida.

4.    Venue is proper in this Court in that the acts giving rise to Plaintiff's complaint transpired in Escambia County, Florida.

5. All conditions precedent to bringing this action have been complied with or have been waived.

## FACTUAL BACKGROUND

6. On or about July 24, 2013, Defendant was doing business in Escambia County, Florida, working as a subcontractor of Plaintiff's insured, Tank Pro, Inc., an Alabama corporation licensed to do business, and doing business, in the state of Florida.

7. Defendant and Tank Pro, Inc., had entered into a Master Subcontract covering all work between them, and later entered into a Work Order dated July 19, 2013, for the work being performed by Defendant on July 24, 2013. Upon information and belief, a partially executed copy of the Master Subcontract is attached hereto as Exhibit "1", and an unexecuted copy of the Work Order is attached hereto as Exhibit "2". Plaintiff believes fully executed copies of these documents exist, but Plaintiff is not in possession of them, and expects to receive them in discovery.

8. The Master Subcontract provides that Defendant would secure insurance coverage, including workers' compensation coverage, and would indemnify and hold Tank Pro, Inc. harmless in the event of any incident arising from the Master Subcontract or any Work Order.

9. On or about July 24, 2013, Defendant's employee Phillip M. Bell was struck by a falling cable while working for Defendant, and suffered an injury compensable under the Florida Workers' Compensation Law (Chapter 440, Florida Statutes).

10. Defendant either had no workers' compensation insurance coverage, or Defendant's workers' compensation coverage had lapsed, at the time of Phillip M. Bell's July 24, 2013 injury.

11. As a consequence of the lapse of coverage, Tank Pro, Inc. was obligated under the Florida Workers' Compensation Law (Chapter 440, Florida Statutes) to provide insurance coverage for Defendant's injured worker, Phillip M. Bell.

12. Defendant did not otherwise indemnify or hold Tank Pro, Inc. harmless for the injury to Phillip M. Bell.

13. As a result of Defendant's failure to maintain the required insurance coverage or indemnify or hold Tank Pro, Inc., harmless, the Plaintiff, as Tank Pro, Inc.'s workers' compensation insurer, paid workers' compensation benefits to Defendant's injured worker, Phillip M. Bell.

14. As of December 8, 2014, Plaintiff had paid $70,010.43 in medical benefits, $94,471.36 in indemnity benefits, and $22,334.96 in legal and administrative expenses (LAE), for a total of $186,816.75. Additional payments may be incurred in the future. A payout ledger with respect to Phillip M. Bell's injury dated December 8, 2014, is attached as Exhibit "3" (with redactions).

## COUNT I
## ACTION TO RECOVER BENEFITS PAID

15. Plaintiff realleges Paragraphs 1-14 as if fully set forth herein and incorporates them by reference.

16. Pursuant to Florida Statutes Section 440.10(1)(d)(1), "If a contractor becomes liable for the payment of compensation to the employees of a subcontractor who has failed to secure such payment in violation of s. 440.38, the contractor or other third-party payor shall be entitled to recover from the subcontractor all benefits paid or payable plus interest".

17. Plaintiff would not have been obligated to pay benefits to Phillip M. Bell but for the failure of Defendant to fulfill its statutory obligation to provide workers' compensation coverage.

18. Accordingly, Plaintiff is entitled to recover from the Defendant all benefits paid or payable plus interest.

WHEREFORE, Plaintiff requests that it be awarded recovery of all benefits paid or payable to Phillip M. Bell on behalf of Plaintiff's insured, Tank Pro, Inc., plus interest.

## COUNT II
## CONTRACTUAL INDEMNITY

19. Plaintiff realleges Paragraphs 1-14 as if fully set forth herein and incorporates them by reference.

20. Plaintiff seeks contractual indemnity from Defendant for all monies paid to Phillip M. Bell.

21. In the Master Subcontract, Defendant specifically agreed to indemnify and hold Plaintiff's insured, Tank Pro, Inc., harmless for all claims, demands, losses, damages, fines, penalties, judgments, and costs of suit (including attorneys' fees and costs) incurred as a result

of Defendant's acts or omissions, which would include the payments to Phillip M. Bell by the Plaintiff on Tank Pro, Inc.'s behalf.

22. Plaintiff is therefore entitled to indemnity under the Master Subcontract, attached hereto as Exhibit "1", from Defendant for all payments made to Phillip M. Bell on Tank Pro, Inc.'s behalf.

23. Plaintiff is also entitled to recover attorneys' fees and costs under the Master Subcontract.

WHEREFORE, Plaintiff requests that it be indemnified for those amounts paid to Phillip M. Bell, and that it be awarded any interest and attorneys' fees and costs incurred by Plaintiff in the prosecution of this action, pursuant to the terms of the Master Subcontract.

## COUNT III
## COMMON LAW INDEMNITY

24. Plaintiff realleges Paragraphs 1-14 as if fully set forth herein and incorporates them by reference.

25. This is a count against Defendant for common law indemnification.

26. Plaintiff's liability for payments under the Florida Workers' Compensation Act, Chapter 440, Florida Statutes, on behalf of Plaintiff's insured Tank Pro, Inc., is or was wholly vicarious, technical, or passive, due to the special relationship Tank Pro, Inc., had with Defendant, as Defendant was and is responsible for provision of indemnification for any claims against Defendant arising out of the injuries to Phillip M. Bell which arose under the Master Subcontract or the Work Order.

27. Any liability of Plaintiff or its insured to Phillip M. Bell for workers' compensation benefits is or was solely vicarious, technical, constructive or derivative to that of another, Defendant, which because of its acts or omissions, has caused such vicarious, technical, constructive or derivative liability to be imposed.

28. Plaintiff denies having had any responsibility for the payment of any benefits to Phillip M. Bell. Rather, Defendant is wholly responsible for the payment of any damages. Plaintiff affirmatively alleges that the damages sustained by Phillip M. Bell were caused solely by reason of the acts or omissions of Defendant.

29. Under such circumstances, Defendant has a common law duty to pay Plaintiff's fees, costs and expenses of litigation and to indemnify Plaintiff and Plaintiff's insured against any and all payment of benefits or for other damages, costs, interest, and fees.

30. Plaintiff has been required to retain attorneys to represent it and to protect its interests in this matter arising out of the acts or omissions of Defendant and is obligated to pay its attorneys a reasonable fee. Additionally, Plaintiff has incurred and will continue to incur costs and expenses of litigation.

WHEREFORE, Plaintiff requests that judgment in the full amount of the benefits paid or payable to Phillip M. Bell be entered against the Defendant and in favor of Plaintiff for common law indemnification, along with reimbursement of any interest and defense fees and costs paid or incurred by Plaintiff.

## COUNT IV
## EQUITABLE SUBROGATION

31. Plaintiff realleges Paragraphs 1-14 as if fully set forth herein and incorporates them by reference.

32. Plaintiff was compelled by law to make payment to Phillip M. Bell on behalf of its insured, Tank Pro, Inc., and such payment was not voluntary and was made to protect Plaintiff's interests and those of its insured.

33. The payments made by Plaintiff on behalf of its insured, Tank Pro, Inc., should have in equity been paid by Defendant.

34. Plaintiff and its insured, Tank Pro, Inc., are not primarily liable for any indebtedness to Phillip M. Bell and subrogation will not work any injustice to Defendant or any other party.

WHEREFORE, Plaintiff requests that judgment in the full amount of the benefits paid or payable to Phillip M. Bell be entered against the Defendant and in favor of Plaintiff for common law indemnification, along with reimbursement of any interest and defense costs incurred by Plaintiff.

## COUNT V
## BREACH OF CONTRACT

35. Plaintiff realleges Paragraphs 1-14 as if fully set forth herein and incorporates them by reference.

36. On or about July 15, 2012, Plaintiff's insured, Tank Pro, Inc., and Defendant entered into a contract, the Master Subcontract, attached hereto as Exhibit "1" for valid

consideration, wherein Defendant specifically agreed to indemnify and hold Plaintiff's insured harmless from any claims arising as a result of Defendant's acts or omissions. The Master Subcontract was made between competent parties, upon a valid subject matter, with legal consideration, mutuality of agreement and obligation.

37. Defendant has failed to satisfy its contractual obligation to indemnify and hold Plaintiff's insured harmless for the payment of benefits to Phillip M. Bell arising from Defendant's own acts or omissions.

38. Upon information and belief, Defendant has also failed to procure and maintain workers' compensation insurance arising out of the performance of the Master Subcontract, or if it sought to procure such insurance, such insurance was inadequate or had lapsed at the time of the injury to Phillip M. Bell.

39. By virtue of having paid benefits to Phillip M. Bell as a consequence of Defendant's failure to procure and maintain workers' compensation insurance or indemnify Plaintiff's insured for the payment of benefits to Phillip M. Bell arising from Defendant's own acts or omissions, Plaintiff has suffered damages flowing from Defendant's breach of its obligations assumed under the Master Subcontract.

40. In addition, the Master Subcontract provides that Defendant shall be liable to Plaintiff's insured for any loss or expense, including reasonable attorneys fees, resulting from Defendant's failure to secure the insurance coverage required by the Master Subcontract.

WHEREFORE, Plaintiff requests that it be awarded damages arising from Defendant's breach of contract, including attorneys' fees and costs, and that Plaintiff be awarded any other legal or equitable relief which this Court deems meet and just.

Dated this 27th day of May 2015.

                                          **MCCONNAUGHHAY, DUFFY, COONROD, POPE, WEAVER, STERN & THOMAS P.A.**

                                          /s/ Matthew G. Hawk
                                        Brian S. Duffy
                                        Florida Bar No. 0180007
                                        E-Mail: bduffy@mcconnaughhay.com
                                        Matthew G. Hawk
                                        Florida Bar No. 0022606
                                        E-Mail: mhawk@mcconnaughhay.com
                                        1709 Hermitage Blvd., Suite 200
                                        Tallahassee, FL  32308
                                        Phone:  (850) 222-8121
                                        Fax:  (850) 222-4359
                                        Attorneys for Plaintiff

Exhibits:

    Exhibit 1: Master Subcontract

    Exhibit 2: Work Order

    Exhibit 3: Payout Ledger (redacted)